IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:19-CR-97-S |
| § | |
| JOSE ALFREDO FERNANDEZ § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order of reference dated May 19, 2023 (doc. 52), before the Court is the *Petition for Person Under Supervision*, filed September 7, 2022 (doc. 41). The defendant appeared in person and through counsel for a final revocation hearing on July 13, 2023. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **THIRTEEN (13)** months, with no additional term of supervised release to follow.

### I. BACKGROUND

Jose Alfredo Fernandez (Defendant), was charged by a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* doc. 1.)[1] He pleaded guilty to the indictment, and by judgment entered on November 25, 2022, he was sentenced to twenty-seven months' imprisonment, to be followed by a three-year term of supervised release. (*See* docs. 17, 19-21, 23-24, 35, 36.) He began his term of supervised release on January 12, 2022. (*See* doc. 41.)

**A.    Alleged Violations**

On September 7, 2022, the supervising United States Probation Officer (USPO) submitted a

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

petition for person under supervision (Petition) alleging the following violations:

**I.**

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state or local crime.

**Violation of Mandatory Condition No. 3**

You must no[t] knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court of the probation officer.

**Nature of Noncompliance**

Jose Alfredo Fernandez violated this condition of supervised release as evidenced by his arrest in Jim Hogg County, Texas, on September 4, 2022, by the Texas Department of Public Safety (DPS) for the offense of Smuggling of Persons, in violation of Texas Penal Code § 20.05 (B), a 3rd degree felony. A copy of the arrest report has been requested.

Furthermore, Jim Hogg County, Texas, is located in the Southern District of Texas. Mr. Fernandez did not have permission to leave the Northern District of Texas.

**II.**

**Violation of Mandatory Condition No. 2**

You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation of Special Condition**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which include testing for the detection of substance use or abuse. The Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

**Nature of Noncompliance**

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance in March 2022. On March 14, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for benzoylecgonine. This sample was confirmed positive for cocaine by Alere Toxicology Services Inc. (Alere).

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance in March 2022. On March 28, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for benzoylecgonine. This sample was confirmed positive for cocaine by Alere. Furthermore, on April 15, 2022, Mr. Fernandez verbally admitted to Senior U.S. Probation Officer Bevan Vaughan (Sr. USPO Vaughan) to using cocaine a few days prior to March 28, 2022.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin, an illegal controlled substance in April 2022. On April 6, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for opiates. This sample was confirmed positive for codeine/morphine, which is indicative of heroin use, by Alere.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin, an illegal controlled substance in April 2022. On April 13, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for opiates. This sample was confirmed positive for morphine by Alere.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin, an illegal controlled substance in April 2022. On April 21, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for opiates. This sample was confirmed positive for codeine/morphine by Alere.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin and marijuana, both illegal controlled substances in May 2022. On May 10, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for opiates and cannabinoids. This sample was confirmed positive for morphine and marijuana by Alere.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin, cocaine, and marijuana, all illegal controlled substances in May 2022. On May 18, 2022, Mr. Fernandez submitted a urine specimen at PACS which returned positive for opiates, benzoylecgonine and cannabinoids. This sample was confirmed positive for codeine/morphine, cocaine and marijuana by Alere. On May 25, 2022, USPO Vaughan met with Mr. Fernandez to discuss the aforementioned noncompliance. Mr. Fernandez admitted, verbally and in writing to Sr. USPO Vaughan to using heroin "every other day" for the last month and a half, with his last date of use being May 21, 2022. Mr. Fernandez stated he began using heroin in late March 2022.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin and marijuana, both illegal controlled substances in May 2022. On May 26, 2022, Mr. Fernandez submitted a urine specimen at Phoenix Associates Counseling Services, Inc. (PACS) in Dallas, Texas, which returned positive for opiates and cannabinoids. This sample was confirmed positive for codeine/morphine and marijuana by Alere.

Jose Alfredo Fernandez violated these conditions of supervised release by using and possessing heroin, an illegal controlled substances [sic] in August 2022. On August 17, 2022, Mr. Fernandez submitted a urine specimen at PACS in Dallas, Texas, which returned positive for opiates. On August 30, 2022, Mr. Fernandez verbally admitted to Sr. USPO Vaughan to using heroin. Confirmation from Alere is pending.

Jose Alfredo Fernandez violated these conditions of supervised release by failing to submit to a drug test at PACS on April 20 and May 25, August 23, and August 30, 2022.

Furthermore, on September 1, 2022, Mr. Fernandez was unsuccessfully discharged from substance abuse treatment at PACS in Dallas, Texas, due to his ongoing noncompliance.

Defendant was arrested and made his initial appearance in this district on May 12, 2023. (*See* doc. 47.) On that date, he waived his rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and was ordered detained pending a revocation hearing. (*See* docs. 46, 50-51.)

**B.**     **Revocation Hearing**

After consulting with counsel, Defendant appeared for a final revocation hearing on July 13, 2023. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition, and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. He understood that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition, except for the violation of Mandatory Condition No. 1, before a United States Magistrate Judge. He sought to be heard on whether he committed a violation of Mandatory Condition No. 1 and the appropriate sentence for other violations.

4

The Government called a state trooper to testify regarding the circumstances of the September 4, 2022 arrest. Based on the testimony that only Defendant's girlfriend, who was driving the vehicle carrying three undocumented persons who were allegedly related to her, was charged with smuggling, and the absence of sufficient evidence showing or suggesting that Defendant knew that the individuals were in the country illegally, the Court found that a violation of Mandatory Condition No. 1 had not been shown.

At the conclusion of the hearing, it was orally recommended that the plea of true, as limited, be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **THIRTEEN (13)** months with no additional term of supervised release. Defendant was subsequently advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to sentence being imposed.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the

5

defendant;
(2) the need for the sentence imposed--
  ***
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  ***
(4) the kinds of sentence and the sentencing range established for--
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2]  Revocation of a term of supervised release is mandatory if the

---

[2] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011).  Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true to the violations in the Petition, except for Mandatory Condition No. 1, the Court finds that Defendant has violated Mandatory Condition Nos. 2 and 3 and the Special Condition alleged in the Petition. Because he violated his conditions of supervised release by possessing a controlled substance, refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is two years. (*See* doc. 41 at 4, citing 18 U.S.C. § 3583(e)(3).) The parties agree that based on the finding that no violation of Mandatory Condition No. 1 was shown, the applicable violation grade is C, and that based upon a violation grade of C and a criminal history category of V, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 7 to 13 months. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to three years, minus any revocation sentence. (*See* doc. 43 at 4.)

After considering the facts alleged in the Petition, Defendant's plea of true, the relevant factors

7

identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **THIRTEEN (13)** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case set out in the Petition. Defendant admitted that he began using heroin within two months after his placement on supervised release, and he tested positive for illegal substances 9 times between then and his out-of-district arrest in September 2022. He also repeatedly failed to report for testing. He completed residential drug treatment and was referred to intensive outpatient treatment but was unsuccessfully discharged for ongoing non-compliance. It appears that the U.S. Probation Office has done everything it could to assist him, but his continued violations demonstrate that he is neither willing nor ready to commit to behavioral change. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence at the top of the applicable guideline range, with no additional term of supervised release to follow, will afford adequate deterrence and protect the public from further crimes.

### III. RECOMMENDATION

Defendant's plea of true to the violations in the Petition should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTEEN (13) MONTHS**, with no additional term of supervised release to follow.

**SO RECOMMENDED** on this 13th day of July, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE